Filed 2/1/21  P. v. Kimberling CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091748 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF05631) |
| v. | |
| MICHAEL DENNIS KIMBERLING, | |
| Defendant and Appellant. | |

Defendant Michael Dennis Kimberling timely appeals his judgment of conviction, arguing that the trial court's imposition of certain fines and fees without a determination of his ability to pay them violates *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the Eighth Amendment, and equal protection.  We agree with the People that defendant has forfeited these claims by failing to assert his inability to pay in the trial court.  We further find that defendant has not established that his counsel was ineffective in failing to raise this argument.  Accordingly, we affirm.

BACKGROUND

The People's October 31, 2019 first amended felony complaint charged defendant with driving under the influence of alcohol (DUI) within 10 years of a felony DUI or vehicular manslaughter (Veh. Code, § 23152, subd. (a); count 1);[1] driving with a blood-alcohol content of 0.08 percent or more within 10 years of a felony DUI or vehicular manslaughter (§ 23152, subd. (b); count 2); and hit and run resulting in property damage (§ 20002, subd. (a); count 3). As to counts 1 and 2, the amended complaint alleged defendant had suffered two prior convictions in 2014 for driving with a blood-alcohol content of 0.08 percent or higher (§ 23152, subd. (b)) and one conviction in 2015 for DUI (§ 23152, subd. (a)).

On January 15, 2020, defendant resolved the case by pleading no contest to count 1 and admitting the three prior convictions. In exchange, the court dismissed the two remaining counts with a *Harvey*[2] waiver. The stipulated factual basis for his plea was taken from the probation report, which relayed that on August 5, 2019, in the early evening, defendant rear ended one victim's car at a red light. Defendant appeared intoxicated and apologized. He then fled and rear ended another vehicle also stopped at a red light. Authorities responded to the scene, and defendant was transported for medical attention because of his injuries and unresponsiveness to questions. Later testing determined defendant had a blood-alcohol content of 0.34 percent.

On March 11, 2020, the trial court denied defendant's request for probation and sentenced him to the midterm of two years. The court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (Pen. Code, § 1202.45), and a DUI fine (§ 23540) of $1,951 (inclusive of penalty

---

[1] Undesignated statutory references are to the Vehicle Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

assessments and the challenged mandatory $30 criminal conviction assessment (Gov. Code, § 70373) and $40 court operations assessment (Pen. Code, § 1465.8)). The court elected not to impose the recommended presentence investigation fee. Defendant timely appealed.

DISCUSSION

I

Defendant challenges the court's imposition of a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (Pen. Code, § 1465.8) without an ability to pay determination.[3] In compliance with Penal Code section 1237.2, defendant first sought relief in the trial court on June 6, 2020, which denied his request on June 19, 2020. Without reaching the merits, we concur with the People that defendant had forfeited his ability to pay arguments.

That a defendant must first object and demonstrate his inability to pay amounts imposed at sentencing is a longstanding and well-recognized rule. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant's claim that the court erroneously failed to consider ability to pay a $10,000 restitution fine is forfeited by the failure to object]; *People v. Gamache* (2010) 48 Cal.4th 347, 409 [challenge to $10,000 restitution fine forfeited by failure to object to alleged inadequate consideration of defendant's ability to

---

[3]     The parties mistakenly assert that the trial court failed to impose the $30 criminal conviction assessment (Gov. Code, § 70373) and the $40 court operations assessment (Pen. Code, § 1465.8) at sentencing, requiring they be stricken from court documents. In actuality, while the trial court does not separately list the $30 and $40 assessments at the sentencing hearing, it is clear they were part of the $1,951 orally imposed by the court. The minute order following sentencing lists these amounts as "inc." and the abstract of judgment lists the total for the DUI fine as $1,881, which becomes $1,951 when the missing $70 in assessments is included. This is consistent with the breakdown from defendant's probation report, which lists every amount leading to the $1,951 total.

pay]; *People v. Avila* (2009) 46 Cal.4th 680, 729 [rejecting argument that defendant was exempted from forfeiture because his restitution fine amounted to an unauthorized sentence based upon his inability to pay]; see also *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1053-1054 [failure to exercise statutory right to object on ability to pay for fine imposed over statutory minimum forfeited that objection]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 [defendant's failure to challenge restitution fine was a classic example of circumstance appropriate for forfeiture rule].)

Further, that the court imposed the minimum mandatory fines and fees does not forgive defendant's forfeiture. Defendant was sentenced on March 11, 2020, over a year after issuance of the *Dueñas* decision. (*Dueñas, supra*, 30 Cal.App.5th 1157 [decided Jan. 8, 2019].) Therefore, his failure to raise *Dueñas* at sentencing forfeits his *Dueñas* arguments by operation of normal rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for appellate review, the defendant must raise it in the trial court].)

That defendant's ability to pay claims are constitutional in character does not alter the application of the forfeiture doctrine. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859 [constitutional exception to forfeiture rule did not apply to claim concerning failure to obtain express waiver of an ability to pay hearing]; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 [noting longstanding rule that a constitutional right may be forfeited in criminal proceedings by " ' "failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." ' "].)

Nor has defendant established that his counsel was ineffective for failing to object. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [80 L.Ed.2d 674, 693-694, 697-698]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To show prejudice,

4

defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland, supra*, at pp. 693-694; *Ledesma, supra*, at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland, supra*, at p. 694; accord, *Ledesma, supra*, at p. 218.)

Defendant cannot show his counsel was ineffective because we find his arguments to be without merit. (*People v. Kipp* (1998) 18 Cal.4th 349, 377 [failure to assert a meritless position does not demonstrate ineffective assistance of counsel].) Defendant's appeal hinges on the analysis in *Dueñas* finding an ability to pay hearing is required before imposing fines and fees, and we are not persuaded that this analysis is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessment fees under Penal Code section 1465.8 and Government Code section 70373, but not restitution fines under Penal Code section 1202.4. (*Kopp, supra*, at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

Nor do we find merit in defendant's Eighth Amendment claim that the fines and fees imposed were grossly disproportional to DUI within 10 years of a felony DUI or defendant's culpability in those offenses (*People v. Aviles, supra*, 39 Cal.App.5th at pp.

1069-1072) or his claim that equal protection was violated.  (*Id.* at pp. 1068-1069 ["' [There is] no general due process and equal protection authority which requires a court to conduct a preassessment present ability-to-pay hearing before imposing any fine or fee on a defendant, as *Dueñas* seems to conclude,' " italics omitted].)

### DISPOSITION

The trial court is directed to correct an omission in the January 15, 2020 minute order, in which the box indicating that counts 2 and 3 were dismissed "[w]ith a Harvey Waiver" was not checked.  The judgment is otherwise affirmed.

            KRAUSE          , J.

We concur:

     RAYE          , P. J.

     RENNER        , J.